No. 02-710

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 59N

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

JAMES H. GUSTAFSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADC-98-214
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        James H. Gustafson, Shelby, Montana (*pro se*)

      For Respondent:

        Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant
Montana Attorney General, Helena, Montana; Brant Light, Cascade County
Attorney, Great Falls, Montana

Submitted on Briefs:  March 20, 2003

Decided:  March 27, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

## I. BACKGROUND

¶2 James H. Gustafson (Gustafson), *pro se*, appeals from an order of the Eighth Judicial District Court, Cascade County, dated September 5, 2002, denying Gustafson's motion for return of evidence filed April 4, 2002. We reverse and remand for further proceedings consistent with this Opinion.

¶3 Gustafson was convicted of felony assault, misdemeanor partner/family member assault, and unlawful restraint, in 1998. We affirmed Gustafson's convictions on appeal. *State v. Gustafson*, 2000 MT 364, 303 Mont. 386, 15 P.3d 944.

¶4 While Gustafson's appeal was pending, the Cascade County Attorney's Office filed a motion in the underlying Cause No. ADC-98-214, requesting the trial court to enter an order releasing numerous guns that were being held as evidence. The County Attorney's motion requested that the weapons be released to Gustafson's ex-wife, Sherrie M. Gustafson, for the reason that she was awarded the guns pursuant to the couple's divorce decree in Cause No. CDR-89-219, dated July 2, 1990. Attached to the County Attorney's motion was

2

a list which described 13 different guns.

¶5 The District Court granted the motion on November 16, 2000, but then subsequently quashed its order on the basis that Gustafson's appeal was still pending. Following our decision affirming Gustafson's convictions, the Cascade County Attorney's Office again moved to release the various guns to Sherrie Gustafson. The District Court granted this motion on June 13, 2001.

¶6 On June 28, 2001, Gustafson moved to quash the District Court's June 13, 2001 order, claiming that his due process rights were violated and that he had not received appropriate notice as required by § 46-5-312, MCA.

¶7 The State objected to Gustafson's motion to quash, claiming that Gustafson was not the rightful owner of the property and that by reason of his conviction of felony assault and his designation as a violent offender, he would be prohibited from being in possession of the weapons. On November 6, 2001, the District Court denied Gustafson's motion for those reasons. Gustafson appealed.

¶8 On appeal the Attorney General's Office filed its Notice of Concession. The State agreed that the notice provisions of § 46-5-312, MCA, had not been complied with and that the District Court should have held a hearing to determine the right to possession of the guns before releasing them to Sherrie Gustafson. Finally, the State requested that this Court issue an order remanding the case to the Eighth Judicial District Court, Cascade County, with instructions to hold a hearing to determine the right of possession to the weapons.

¶9 As a result of the State's notice of concession, this Court issued an order on March

3

26, 2002, dismissing Gustafson's appeal and remanding the cause to the District Court with instructions to conduct a hearing, after notice, pursuant to § 46-5-312, MCA, to determine the right of possession to the weapons at issue.

¶10    As already noted, a hearing took place before the District Court on September 5, 2002.  Gustafson appeared without counsel.  It is not clear from the record whether the court was aware of this Court's remand order.  In its brief, however, the State observes that the record indicates that neither the court nor the prosecutor understood the purpose of the hearing, since the prosecutor suggested, and the court ultimately determined, that Gustafson would have to pursue a civil action against his ex-wife if he wanted to assert an ownership interest in the guns that had been returned to his wife.

¶11    In this regard, it appears that Gustafson's ex-wife obtained the weapons from the County Sheriff's Office on the basis of a notarized statement identifying which guns she was claiming pursuant to the divorce decree.  That statement was read into the record at the September 5, 2002 hearing and listed the following items:

    Carl Gustafs Stads Bolt Action SN# 50379
    Winchester 12 Gauge Shotgun SN# 862013
    Winchester 1892.218 cal SN# 536467
    US Springfield Mod. 1903 SN# 1083451
    US Springfield Mod. SN# 550257
    Bolt Action .410, No serial number
    Thompson Muzzle Loader, .50 cal. SN# 557714

¶12    Gustafson did not present any evidence that he had a right of possession in these items but, rather, simply stated that his wife had lied in her statement.

¶13    In any event, the hearing concluded with the District Court suggesting that Gustafson

4

pursue a civil action against his ex-wife if he wanted to assert ownership interest in the guns. The court also provided Gustafson a copy of his ex-wife's statement to the Sheriff's Office. The court did not enter a written order, nor did it make any findings of fact. The result of the court's September 5, 2002 order is described by way of a minute entry.

¶14    Gustafson timely appealed.

## II. DISCUSSION

¶15    On appeal Gustafson asserts both statutory and constitutional claims. He requests that we order the return of the weapons released to his ex-wife and the delivery of those to his "representative" and that we order the Attorney General to commence an investigation into allegations of malfeasance in the office of the District Court and County Attorney.

¶16    We conclude, however, that this appeal may be disposed of by reference to our March 26, 2002 remand order and § 46-5-312, MCA.

¶17    As previously noted, we ordered Gustafson's first appeal in this matter be dismissed and remanded to the District Court "to conduct a hearing, after notice, pursuant to § 46-5-312, MCA, to determine the right of possession to the weapons at issue herein."

¶18    As the State concedes, despite this clear directive, neither the District Court nor the prosecutor appeared to have understood the purpose of the hearing on September 5, 2002. No mention was made in the hearing of our order or the relevant statute, § 46-5-312, MCA, and ultimately the District Court simply agreed with the prosecutor about the remedy and made no findings regarding the ownership of the guns.

¶19    Section 46-5-312, MCA, provides as follows:

5

**Return of property seized--right to possess.** (1) A person claiming the right to possession of property seized as evidence may apply to the judge for its return. The judge shall give written notice as the judge considers adequate to the prosecutor and all persons who have or may have an interest in the property and shall hold a hearing to determine the right to possession.

(2) If the right to possession is established, the judge shall order the property, other than contraband, returned if:

(a) the property is not needed as evidence;

(b) the property is needed and satisfactory arrangements can be made for its return for subsequent use as evidence; or

(c) all proceedings in which the property might be required have been completed.

¶20 The court's proposal to Gustafson that he should pursue a civil action to establish his ownership is incorrect. The whole purpose of the hearing which we ordered on remand, was to provide Gustafson the opportunity to establish his ownership interest in the guns. Based upon the evidence adduced at the hearing, or lack thereof, the District Court should have made findings based upon the record before it regarding the ownership of the guns. The State concedes that Gustafson is entitled to have this cause remanded for the District Court to enter findings based on the evidence presented or for another hearing so that Gustafson can present any evidence he may have regarding his ownership interest in the weapons.

¶21 Accordingly, based upon the record before us we hold that the District Court erred as a matter of law in disposing of Gustafson's motion for return of evidence in the manner it did at the conclusion of the September 5, 2002 hearing. Therefore, this cause is remanded to the District Court with instructions that it vacate its September 5, 2002 order; and that, in accordance with § 46-5-312, MCA, Gustafson be accorded a new hearing on his motion for return of the evidence. Gustafson shall be provided written notice as required by § 46-5-

6

312(1), MCA, and an opportunity to present whatever evidence he has as to his right to possession. Thereafter, the court shall make the appropriate findings based upon the record before it as required by the statute.

¶22 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE