No. 04-132

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 11N

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

JAMES H. GUSTAFSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADR-98-214,
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      James H. Gustafson, Pro Se, Shelby, Montana

      For Respondent:

      Honorable Mike McGrath, Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

      Brant Light, County Attorney, Great Falls, Montana

Submitted on Briefs:  November 4, 2004

Decided:  January 25, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 James H. Gustafson (Gustafson) appeals from the order entered by the District Court on his motion to return evidence, by which he sought the return of six firearms. The District Court granted the motion with regard to one shotgun, but denied the motion with regard to the other five firearms.

¶3 Previously, the District Court had entered an order on June 13, 2001, granting the request of the Cascade County Attorney to release the firearms, which had been held as evidence in criminal proceedings against Gustafson, to Gustafson's former wife, Sherrie. Gustafson appealed, claiming that he had not received notice of the proceeding required by § 46-5-312, MCA. The State conceded the issue, and this Court remanded the matter to the District Court for a hearing regarding the possession of the firearms. Following a hearing, Gustafson again appealed, arguing that statutory procedure and this Court's remand had not been followed. We agreed with Gustafson, and remanded this matter to the District Court with instructions to conduct another hearing. *State v. Gustafson*, 2003 MT 59N, ¶ 21.

¶4 On remand, the District Court conducted a hearing and entered findings of fact, conclusions of law, and an order which granted in part and denied in part Gustafson's motion. Of the six firearms at issue, the District Court determined that Sherrie Gustafson

2

was entitled to five of them pursuant to the decree dissolving the couple's marriage, and that Gustafson was entitled to one, a shotgun.

¶5 On appeal, Appellant challenges the District Court's subject matter jurisdiction, asserts that the District Court abused its discretion, and also alleges that the District Court and County Attorney committed official misconduct.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7 We affirm the judgment of the District Court.


/S/ JIM RICE


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART

3